UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDUARDO ZARATE,

    Plaintiff

v.

J. AMBROSE, et al.,

    Defendants

Case No. 3:23-cv-00182-ART-CSD

ORDER

## I. DISCUSSION

On May 26, 2023, the Court filed a screening order permitting a First Amendment retaliation claim, a Fourteenth Amendment excessive force claim, and a Fourteenth Amendment inadequate medical care claim to proceed and dismissing some claims with leave to amend and some claims with prejudice. (ECF No. 3 at 11-12.) The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the complaint. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would "proceed immediately on Plaintiff's colorable claims, as determined in this screening order." (*Id.* at 10.) Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action will proceed on the following claims: First Amendment retaliation claim against Defendants Ambrose and Balaam, Fourteenth Amendment excessive force claim against Defendant Ambrose, and Fourteenth Amendment inadequate medical care claim against Defendants Ambrose, Balaam, and Akpatiwp.[1]

---

[1] On page 13, lines 1-3, of the screening order (ECF No. 3), the Court misstated that if Plaintiff did not "file an amended complaint curing the stated deficiencies of the complaint, this case will be dismissed." (ECF No. 3 at 13.) The Court strikes lines 1-3 on page 13 of the screening order and inserts the following language:

> It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will proceed immediately on the following claims: First Amendment retaliation claim

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 3), this action will proceed on the following claims: First Amendment retaliation claim against Defendants Ambrose and Balaam, Fourteenth Amendment excessive force claim against Defendant Ambrose, and Fourteenth Amendment inadequate medical care claim against Defendants Ambrose, Balaam, and Akpatiwp.

It is further ordered that the Clerk of the Court issue summonses for Defendants J. Ambrose, Darin Balaam, and Frank Akpatiwp, and deliver the same to the U.S. Marshal for service. The Clerk of the Court is also directed to send sufficient copies of the complaint (ECF No. 4), the screening order (ECF No. 3), and this order to the U.S. Marshal for service on Defendants Ambrose, Balaam, and Akpatiwp.

It is further ordered that the Clerk of the Court send Plaintiff three (3) USM-285 forms. Plaintiff will have 30 days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to Defendants Ambrose, Balaam, and Akpatiwp.

It is further ordered that within 20 days after receiving from the U.S. Marshal copies of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying if Defendants Ambrose, Balaam, and Akpatiwp had been served, if at all. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

---

against Defendants Ambrose and Balaam, Fourteenth Amendment excessive force claim against Defendant Ambrose, and Fourteenth Amendment inadequate medical care claim against Defendants Ambrose, Balaam, and Akpatiwp.

It is further ordered that Plaintiff will serve upon Defendants Ambrose, Balaam, and Akpatiwp or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic filing system, no certificate of service is required. *See* Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LC 5-1. However, if Plaintiff mails documents to the Court, he will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants Ambrose, Balaam, and Akpatiwp or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any document received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate showing proper service when required.

It is further ordered that the Court strikes lines 1-3 on page 13 of the screening order (ECF No. 3) and replaces them with the following language: It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will proceed immediately on the following claims: First Amendment retaliation claim against Defendants Ambrose and Balaam, Fourteenth Amendment excessive force claim against Defendant Ambrose, and Fourteenth Amendment inadequate medical care claim against Defendants Ambrose, Balaam, and Akpatiwp.

DATED THIS 17th day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE